Dear Judge Canaday:
You requested an Attorney General's opinion regarding the payment of legal fees from the Fourteenth Judicial District Court Judicial Expense Fund. You indicated that one of the judges from the Fourteenth Judicial District Court is undergoing review with the Louisiana Judicial Commission ("Commission"). The judge has secured legal representation to assist with responding to the allegations, and a majority of the judges have voted and agreed to pay the legal expenses incurred from the Court's funds. At this time, the Commission has made no decision concerning the allegations.
As you are aware, R.S. 13:5108.1, et seq. provides for the indemnification of state officers and employees for financial loss arising out of claims, demands, suits or judgments where "the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state". However, the law does not specifically address the reimbursement of legal fees incurred by state officers or employees in connection with proceedings before the Commission.
Nevertheless, this office has opined that "a judge exonerated ofallegations investigated by the Commission may be reimbursed legal fees incurred in connection therewith, if the nature of the complaint arose out of his official duties of office." (Emphasis added). Further, if the judge is exonerated, the payment of legal fees would be a permissible expenditure from the Judicial Expense Fund. See Attorney General Opinion No. 01-149.
However, it is the opinion of this office that the payment of attorney's fees is prohibited until such time as the judge is exonerated by the Commission. It obviously follows that payment before the conclusion of the proceedings would not be consistent with the mandate that reimbursement be only upon the judge being exonerated. The requirement of exoneration is to avoid violation of the prohibition of the Constitution relative to the donation of public funds. In accord is Attorney General Opinion No. 99- 356A.
If the judge is exonerated, please note this office has consistently opined that, prior to payment, a determination must be made that: (1) the hourly rate charged by legal counsel is reasonable, (2) the number of hours spent by legal counsel were reasonable and necessary and (3) any costs incurred by counsel were reasonable and necessary. Attorney General Opinion No. 01-149.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb